SAFFELL et al. v. BUTTS et al.

Wills — Devise for Life — Undivided Interest — Tenants in Common — Devise of Life Estate—Heirs' Interest No Greater than Devisor — Sale by Infant — Repudiation — Restitution — Defective Petition — Death Without Issue.

1. The will of Perry devised to his daughter for life an undivided portion of his homestead, and her occupancy of the whole of it after the testator's death should be presumed to have been in common with his heirs.

2. The devise of the remainder to her three children passed to them no other interest in fee simple than she had as devisee for life; after the death of their father, they became entitled to the whole tract.

3. The sale of an infant's land is voidable by his heirs, but there is no intimation that the infant ever intimated his intention to repudiate the sale on the plea of his infancy, and he died two days after he became twenty-one.

4. Neither an infant nor any one else can repudiate his sale of land without restitution.

5. The petition only alleges that the plaintiffs are half-brothers and sisters to the deceased. The simple fact of propinquity does not show heirship; death without issue is indispensable, and it is neither alleged nor proven.

APPEAL FROM ANDERSON CIRCUIT COURT.

June 12, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

As the will of John Perry, Sr., devised to his daughter, Elizabeth James, for life, only an equal undivided portion of his homestead farm, her occupancy of the whole of it, after the testator's death, should be presumed to have been in the character of tenant in common with his heirs, and if she occupied it for her own exclusive benefit before the purchase of it by her husband, William James, Sr., she could have done so rightfully, only by the voluntary or purchased concession of her coheirs. · And the

devise of the remainder to her three children by James passed to them no other interest in fee simple than she held as devisee for life. Consequently, the decretal sale and conveyance to William James, Sr., did not divest his children of their interest as devisees in remainder which they still retained. After the death of the father and mother they became entitled to the whole tract by descent as the only heirs of their intestate father.

The subsequent interallotment among them vested the exclusive title in William James, Jr., to lot No. 2, containing 102 acres. It appears that, in 1849, four years after the partition, this lot was sold to Witherspoon by the two brothers of said William, Jr., one of whom was his guardian, and that the vendee immediately entered on, and continued to occupy it, as his own until he sold it to another who occupied as owner until he also sold; and that the appellants have continued the occupancy as subpurchasers under Witherspoon, to whom a conveyance of the legal title is alleged to have been made, but is not copied in the record of this suit.

There is no ground for presuming that the vendors to Witherspoon had legal authority to bind W. James, Jr., by their sale. Nor is there any intimation that, though he must have been acquainted with the transaction, he ever disclaimed authority to sell or indicated an intention to repudiate the sale on the plea of his infancy; and he died two days after he became twenty-one years old. Nevertheless, we may presume that the sale was voidable by his heirs. But the appellees, who claim as a portion of his heirs of the half-blood, do not seek to avoid the sale on account of his infancy; and could not avoid it on that or any other apparent ground without restitution of the consideration paid by Witherspoon, and which is not required by the decree of the Circuit Court adjudging them entitled to a portion of the land as heirs of William James, Jr.; nor have they shown that they are his heirs or any portion of them. Their petition only alleges, on that vital point, that they are his half-brother and sister; and, as such, entitled to a part of the land they claim in this suit. But the simple fact of propinquity does not show heirship; death without issue is equally indispensable, and the latter fact is neither alleged nor proved. The allegation that, as half-brother and sister, the appellees are entitled to an interest in the land, is only their assumption or deduction of law without an allegation of all the facts necessary to sustain it. They could not be his

legal heirs without proof that he died without issue; and, as just stated, there is neither proof nor even allegation of that fact. His age is the only apparent circumstance that squints at such proof. We cannot judicially presume, simply from the age of William James, Jr., that he died without issue, especially when there has been no attempt to prove, in any other way, a fact which, if it existed, was so plainly and easily susceptible of direct and positive proof. Totally failing in such proof, the appellees failed to establish their title, which was denied by the appellants. Dudley v. Grayson, 6 Mon. 263.

Wherefore, the judgment of the Circuit Court is reversed and the cause remanded, with instructions to dismiss the petition.